LYONS, Justice
(dissenting).
I must respectfully dissent from the holding in the main opinion that the petition for the writ of mandamus was untimely filed. The main opinion takes the petitioner, Troutman Sanders, LLP (“Troutman”), to task for fifing its petition within 42 days from the trial court’s denial of motions to reconsider its orders in two separate actions denying motions to dismiss on the ground of the doctrine of forum non conveniens, rather than within 42 days from the trial court’s denials of the motions to dismiss. The petition was filed 79 and 45 days after the denials of the motions to dismiss.
Rule 21(a), Ala. R.App. P., as amended effective September 1, 2000, embraced the 42-day period for appealing from a final judgment in a civil case as the “presumptively reasonable time” for fifing a petition for a writ of mandamus. That Rule 21(a) was not dealing with a jurisdictional time limit is inherent in the language of the rule referring to a “presumptively reasonable time.” Indeed, Rule 21(a) expressly contemplates acceptance of a petition filed outside this “presumptively reasonable *551 time.” The Committee Comments to Amendments to Rule 21(a) and 21(e)(4) Effective September 1, 2000, illustrate instances in which a petition filed beyond the presumptively reasonable time would be accepted, setting forth factors such as “the prejudice to the petitioner of the court’s not accepting the petition and the prejudice to the opposing party of the court’s accepting it; the impact on the timely administration of justice in the trial court; and whether the appellate court has pending before it other proceedings relating to the same action, and as to which the jurisdiction of the appellate court is unchallenged.”
In this proceeding, Troutman filed motions to reconsider adverse rulings on its motions to dismiss on grounds of forum non conveniens within 30 days of the trial court’s rulings. Because Rule 21(a) refers only to the time for the taking of an appeal as a presumptively reasonable time, the main opinion is technically correct in disallowing from the computation of the 42-day period the time during which the motion to reconsider was pending. However, because the revision to the rule is relatively new, because we have not heretofore addressed the effect of a motion to reconsider on the timeliness of a petition for a writ of mandamus, and because of the salutary nature of the practice of seeking reconsideration in a timely fashion before invoking the jurisdiction of this Court, I cannot treat as fatal Troutman’s failure to set forth in its petition circumstances constituting good cause for the Court to consider the petition notwithstanding that it was filed beyond the presumptively reasonable time. While Rule 21(a) provides that the petition “shall include a statement of circumstances constituting good cause for the appellate court to consider the petition” (emphasis added) if it is filed outside the presumptively reasonable time, I am not prepared to say that such a statement is a jurisdictional requirement and incapable of later submission if the court deems such submission appropriate. Rule 1, Ala. R.App. P., requires that the rules “shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits.” Rule 2(b), Ala. R.App. P., authorizes an appellate court to “suspend the requirements or provisions of any of these rules in a particular case ... on its own motion and [to] order proceedings in accordance with its direction,” subject to exceptions not here applicable. I consider the circumstances surrounding Troutman’s failure to file its petition within 42 days of the trial court’s rulings to have been sufficiently explained, and I would invoke Rule 1 and Rule 2(b) so as to overcome Troutman’s failure to provide an explanation for its failure in its original petition. Moreover, I do not consider the delay to be prejudicial to the rights of the respondents. I would reach the merits. Therefore, I must dissent.
SEE and BROWN, JJ., concur.